IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RYDER TRUCK RENTAL, INC.** | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. |
| **ZURICH AMERICAN INSURANCE COMPANY** | § § § § § | |
| *Defendant.* | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT (28 U.S.C. § 2201)**
**UNDER DIVERSITY JURISDICTION (28 U.S.C. § 1332)**

RYDER TRUCK RENTAL, INC. ("Ryder"), Plaintiff herein, by and through its counsel, brings this its Complaint for Declaratory Judgment against ZURICH AMERICAN INSURANCE COMPANY ("Zurich") for a declaratory judgment to determine the rights and liabilities of the parties under a liability insurance contract.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ryder is a corporation organized under the laws of Florida, with its principal offices in Florida;

2. Defendant Zurich American Insurance Company is a corporation organized under the laws of New York, with its principal offices in Illinois. Zurich may be served through its registered agent: CORPORATION SERVICE COMPANY, 211 E 7TH ST STE 620, Austin, Texas 78701-3218;

3. Non-party insured Ameritech Facility Services, LLC is a corporation organized under the laws of Delaware, with its principal offices in Georgia;

4. Plaintiff and defendant are citizens of different states for the purposes of 28 U.S.C. § 1332;

5. The incident that resulted in Ryder's demand to defendant for insurance coverage and a defense occurred in Texas;

6. The lawsuit that resulted in Ryder's demand to defendant for insurance coverage and a defense was filed and is ongoing in Texas;

7. The amount sought by the claimant against Ryder in the underlying lawsuit ($250,000) is well in excess of $75,000;

8. Any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a);

9. Jurisdiction and venue are appropriate in this court;

**CRASH AND UNDERLYING LAWSUIT ASSERTING
NEGLIGENCE AGAINST RYDER**

10. On or about May 12, 2022, non-party John Reeves ("Reeves") sustained injuries after falling off a liftgate attached to a truck owned by Ryder (the "incident");

11. Reeves filed a lawsuit in the United States District Court for the Northern District of Texas, Dallas Division, under cause number 24-CV-00432, asserting that he sustained bodily injuries as a result of negligent maintenance and repair of the liftgate by Ryder (Ex. "A" lawsuit complaint);

12. Reeves' lawsuit allegations against Ryder are:
    - Reeves, in the course and scope of his employment (with Ameritech Facility Services) was using a liftgate on a "box truck" to unload cargo from the truck;
    - The lift gate "angled sharply downward" during use, throwing Reeves to the pavement below;

- Ameritech had rented the liftgate-equipped box truck from Ryder;

- Ryder had knowledge of "problems" with the liftgate, communicated by Reeves and/or his co-worker(s) the day before the incident;

- Ryder had repaired and returned the liftgate-equipped box truck to Reeves and/or his co-workers(s) the day before the incident;

- Ryder failed to reasonably maintain the lift gate of the box truck;

- Ryder failed to undertake reasonable and necessary repairs to the lift gate;

- Ryder failed to undertake a reasonable inspection of the lift gate;

- Ryder's acts/omissions were a proximate cause of injuries to Reeves;

- Reeves' complaints pleads for damages of $250,000.00;

## RYDER'S CONTRACT WITH AMERITECH

13. Ryder is a party to a vehicle rental agreement with Ameritech Facility Services dated April 8, 2022 (Ex. "B");

14. The "box truck" at issue in the Reeves lawsuit was rented under the rental agreement;

15. The pertinent portions of the rental agreement are:

    - Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services ("Ryder") hereby rents to the customer executing this Agreement ("Customer") the truck and other rental property and accessories listed on the other side of this Agreement;

    - LIABILITY PROTECTION - Customer elects to provide Liability Protection as specified in Paragraph 5.B. of this Agreement. (READ PARA. 5.B.)

    - CUSTOMER LIABILITY INSURANCE: If Customer elects to provide liability insurance and the other side of this Agreement is so endorsed, Customer agrees to insure the Vehicle with a standard form automobile liability insurance policy, with

Ryder named as an additional insured, covering all risks of injury, death, loss or damage to persons or property, arising out of the ownership, maintenance, use, or operation of the Vehicle during the rental period. Customer's liability insurance shall include coverage for Ryder's own alleged negligence or fault, and the scope of the coverage provided by Customer's liability insurance to Ryder shall be the same as, and not narrower than, the scope of the coverage provided by Customer's liability insurance to Customer. The limits of this Insurance will not be less than $1,000,000.00 for all bodily injury and property damage arising from any one accident or such higher limits as Ryder may require. Customer's liability insurance shall by primary to, and not contribute with, any coverage separately maintained by Ryder;

- Customer agrees to provide Ryder with a certificate of insurance, evidencing the required coverage and limits of liability and indicating that Ryder is an additional insured under Customer's liability insurance, before using the Vehicle.

- To the fullest extent permitted or allowed by law, Customer agrees to release, indemnify, and hold Ryder and Ryder's insurance carriers harmless from and against any and all expenses (including without limitation court costs, attorney fees, and expert witness fees), damages, and/or liability arising out of the ownership, maintenance, use, or operation of the Vehicle (EVEN IF DUE TO RYDER'S ACTUAL OR ALLEGED FAULT OR NEGLIGENCE) which are (i) in excess of the limits of liability under Customer's liability insurance, (ii) excluded from coverage under Customer's liability insurance, (iii) not otherwise covered under Customer's liability insurance . . . Customer acknowledges that the rental rate given to Customer is partly a function of Customer's provision of such insurance with complete coverage of and indemnification of Ryder;

- PERSONAL ACCIDENT AND CARGO RESPONSIBILITY: Customer agrees that Ryder will have absolutely no liability whatsoever, and agrees to release, indemnify, and hold Ryder harmless for any and all . . . claims, damages, or losses arising from injuries of any nature whatsoever, or death of Customer, customer's agents, employees, guests, family, members of customer's family, or other occupants of the Vehicle EVEN WHEN SUCH DEATH OR INJURY WAS DUE TO RYDER'S FAULT OR NEGLIGENCE, and Customer assumes all such risk and liability;

### CERTIFICATE OF INSURANCE

16. Ryder is a listed certificate holder under an auto liability insurance policy (policy no BAP 0161544-05) issued by defendant Zurich to Ameritech Facility Services, LLC (the "Zurich policy");

17. Per the Certificate of Insurance, Ryder is "NAMED AS ADDITIONAL INSURED AND LOSS PAYEE FOR ALL VEHICLE LEASED, RENTED AND SUPPLIED AS SUBSTITUTE TO THE NAMED INSURED, AS REQUIRED BY WRITTEN CONTRACT AND SUBJECT TO THE TERMS AND CONDITIONS OF THE POLICY" (Ex. "C").

18. Ameritech Facility Services, LLC is listed as the named insured under the Zurich Policy;

### RYDER'S TENDER OF THE REEVES LAWSUIT TO ZURICH

19. Ryder tendered the Reeves suit to Zurich for defense and coverage/indemnity under the Zurich policy. Ryder has inquired numerous times as to the status of the tender. Zurich had failed to respond, requiring Ryder to bring the present action to determine it rights under the Zurich policy;

## **CAUSE OF ACTION—ZURICH INSURANCE CONTRACT DUTY TO DEFEND AND INDEMNIFY/COVER RYDER FOR THE REEVES LAWSUIT**

20. Ryder reasserts, as though fully set forth, the allegations contained at paragraphs 1-19 above;

21. Upon information and belief, the Zurich policy was in force and effect on the date of the incident (May 12, 2022);

22. Upon information and belief, the incident was an accident as defined in the Zurich policy;

23. Upon information and belief, the incident occurred within the coverage territory of the Zurich policy;

24. Upon information and belief, the box truck involved in the incident is a covered/insured auto under the Zurich policy;

25. Upon information and belief, Ryder Truck Rental, Inc. is an insured under the Zurich policy for the Reeves lawsuit claims;

26. Upon information and belief, the claims asserted against Ryder in the Reeves lawsuit are claims for bodily injury as defined in the Zurich policy;

27. Upon information and belief, the Zurich policy requires Zurich to pay, to or on behalf of Ryder, any liabilities to third parties for bodily injuries arising out of the maintenance of a covered auto;

28. Upon information and belief, the Zurich policy requires Zurich to pay, to or on behalf of non party Ameritech Facility Services, LLC, any liabilities to third parties for bodily injuries arising out of the maintenance of a covered auto and for which the named insured agreed to indemnify Ryder;

29. Upon information and belief, the Zurich policy requires Zurich to defend Ryder and pay all defense expenses, fees and costs incurred to defend Ryder for the Reeves lawsuit claims;

30. Ryder properly tendered the Reeves lawsuit to Zurich for a defense and acknowledgement of coverage/indemnity which has not been responded to as of the date of this filing;

31. The current pendency of the Reeves lawsuit against Ryder and Ryder's contract rights to a defense and indemnity/coverage from Zurich presents an actual and justiciable declaratory controversy between the parties;

**WHEREFORE**, Plaintiff Ryder hereby requests the following relief:

A. A declaratory judgment that the Zurich policy provides coverage/indemnity to Ryder for the claims asserted in the Reeves lawsuit;

B. A declaratory judgment that the Zurich policy must provide a defense to Ryder for the claims asserted in the Reeves lawsuit, including any costs, expenses and fees, with any past amounts paid to be reduced to a monetary judgment in an amount to be proven at trial;

C. For any other relief the court may deem just and equitable under the circumstances.

Respectfully submitted,

*/s/ Richard Byrne*
**RICHARD J. BYRNE**
Tex. State Bar No. 03566435
RByrne@EkvallByrne.com
**EKVALL & BYRNE, LLP**
4450 Sigma Road, Ste 100
Dallas, Texas 75244
Tel. (972)239-0839
Fax (972)960-9517
**ATTORNEY FOR DEFENDANT RYDER TRUCK RENTAL, INC.**